IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| WEST BEND INSURANCE COMPANY<br><br>    Plaintiff<br><br> v.<br><br>STANDS, LLC;<br>Serve: Registered Agent<br>    Justin Peterson<br>    Peterson Law Office<br>    881 Corporate Dr.<br>    Lexington, KY 40503<br><br>    Defendant;<br><br>SHAMIA HUDSON;<br>Serve: 740 Whispering Brook Trace<br>    Lexington, KY  40511<br><br>DISHANTA MINNIEFIELD;<br>Serve: 1469 Day Lily Drive<br>    Lexington, KY  40511<br><br>STARTINA NUTTER<br>Serve: 1317 B. Center Parkway, Apt. 21<br>    Lexington, KY  40517<br><br>    Nominal Parties. | CIVIL ACTION<br><br>No.: _____<br><br>COMPLAINT FOR<br>DECLARATORY JUDGMENT |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, West Bend Insurance Company ("West Bend"), by its counsel, hereby files its Complaint for Declaratory Judgment against Defendant, Stands, LLC and Nominal Parties, Shamia Hudson, Dishanta Minniefield and Startina Nutter, and in support thereof avers as follows:

**NATURE OF THIS LAWSUIT**

1. This action arises out of a dispute between the Plaintiff and Defendant Stands concerning insurance coverage availability in connection with an underlying lawsuit styled as:

*Shamia Hudson, et al. v. Stands, LLC, et al.,* Docket No.: 22-CI-03242 (Fayette Circuit Court, Lexington, KY) (the "Underlying Action"). The underlying Complaint is attached as **Exhibit A**.

2. West Bend seeks a declaration that there is no insurance coverage under the terms, definitions, provisions, conditions, exclusions and endorsements of its Commercial General Liability Policy No. A537162 03 issued to Stands, LLC, for the period 12/21/2021 to 12/21/2022, attached as **Exhibit B.**

3. As established herein, the West Bend Policy contains an Assault and Battery Endorsement (NS 0035 GL 04 14) which expressly excludes coverage for the matters at issue in the Underlying Action.

## PARTIES

4. Plaintiff, West Bend, is a corporation, organized under the laws of Wisconsin, with its principal place of business in Wisconsin.

5. Defendant, Stands LLC, is a limited liability company, organized under the laws of the State of Delaware, with its principal place of business located in Berwyn, Pennsylvania, and its member(s) is/are not citizens of Wisconsin. Specifically, upon information and belief, Stands sole member, Andrew M. Shea, is a citizen of the Commonwealth of Kentucky.

6. Shamia Hudson is a nominal party whose citizenship is irrelevant for diversity purposes, but is a resident and citizen of the Commonwealth of Kentucky.

7. Dishanta Minniefield is a nominal party whose citizenship is irrelevant for diversity purposes, but is a resident and citizen of the Commonwealth of Kentucky.

8. Startina Nutter is a nominal party whose citizenship is irrelevant for diversity purposes, but is a resident and citizen of the Commonwealth of Kentucky.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as diversity of citizenship exists between West Bend (Wisconsin) and Defendant Stands

LLC (Kentucky). The Nominal Parties' citizenship, while not dispositive as to jurisdiction, is also diverse as to West Bend.

10. This Court has personal jurisdiction over Defendant because, as respects the matters at issue, Defendant Stands LLC has significant contacts with the Commonwealth of Kentucky. The same is true for the Nominal Parties.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this dispute occurred in this judicial district.

12. An actual case and controversy of a justiciable nature, pursuant to Article III of the United States Constitution and 28 U.S.C. §§ 2201 and 2202, exists between West Bend on the one hand, and Defendant on the other hand.

13. This case and controversy is ripe for adjudication, and involves the rights, liabilities and legal relations of the parties under a contract of insurance.

## THE UNDERLYING ACTION

14. In the Underlying Action, Shamia Hudson, Dishanta Minniefield and Startina Nutter allege that while they were in attendance at an event at Wild Heath Field, an altercation involving gunfire occurred during the morning hours of August 27, 2022, and each of them were shot.

15. The underlying Complaint alleges that Stands, LLC owns and operates Wild Heath Field, located at 207 Legends Lane, Lexington, Kentucky, and rented out that location for an event beginning on August 26, 2022, and extending into the morning of August 27th.

16. The Underlying Action asserts that CK Tactical Security, Inc. and Struggle Team, L.L.C. were retained to provide security services.

17. It is alleged that minimal security was provided and minimal or no searches were performed by CK Tactical Security and Struggle Team.

18. Plaintiffs contend that Defendants had a duty to protect patrons at the event and maintain the Field in a safe and secure manner.

19. Plaintiffs further contend that the event presented a dangerous and hazardous area with a "high potential for criminal activity" and the "activities that took place in, the nature of the gathering at, and the patrons at the event, created a dangerous and hazardous condition."

20. Plaintiffs expressly assert that "defendants knew or should have known that invitees would likely be subject to assault and/or battery by others."

## THE WEST BEND INSURANCE POLICY

21. West Bend issued Commercial General Liability Insurance Policy number A537162 03, to Stands for the policy period from December 21, 2021 to December 21, 2022. (the "West Bend Policy"). A true and correct copy of the West Bend Policy is attached as **Exhibit B.**

22. The Insuring Agreement of the General Liability coverage of the West Bend Policy provides:

> **SECTION I - COVERAGES**
> **COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> 1. **Insuring Agreement**
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. …

23. Section 1 of the Policy is also subject to the following Exclusion:

> **2. Exclusions**
>
> This insurance does not apply to:
>
> a. **Expected Or Intended Injury**
>
> "Bodily injury" or "property damage" expected or intended from the standpoint of the Insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

4

24. The West Bend Policy's general liability coverage also includes the following Assault or Battery Exclusion:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

EXCLUSION – ASSAULT OR BATTERY

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
LIQUOR LIABILITY COVERAGE PART

We have no duty to defend or indemnify any insured, employee or any other person against any claim or "suit" for "bodily injury", "property damage", "medical payments" or "personal and advertising injury", including claims or suits for "negligence" arising out of or related to any:

1. Assault;
2. Battery
3. Harmful or offensive contact; or
4. Threat.

This exclusion applies regardless of fault or intent. Coverage is also excluded for any injury or damage committed while using reasonable force or acting in self-defense. For purposes of this exclusion, "negligence" includes but is not limited to claims for negligent:

1. Hiring;
2. Employment;
3. Training;
4. Supervision; or
5. Retention.

25. Pursuant to the Assault or Battery Exclusion, there is "no duty to defend or indemnify any insured…against any claim or "suit"…including claims or suits for "negligence" arising out of or related to 1. Assault, 2. Battery…."

26. The Policy also includes Commercial Liability Umbrella coverage that is subject to the Assault or Battery Exclusion.

**DECLARATORY JUDGMENT**

27. The preceding averments are incorporated herein by reference.

28. As set forth above, the West Bend Policy includes a specific Endorsement for any claims arising out of assault or battery, or harmful or offensive conduct.

5

29. Pursuant to the Assault or Battery Exclusion, coverage is barred for harmful conduct "regardless of fault or intent."

30. The Underlying Action seeks damages arising out of an assault or battery, and harmful and offensive conduct—to wit: an altercation involving gunfire, and associated gunshot wounds.

31. The Assault or Battery Exclusion explicitly bars coverage where, as here, the insured is sued for negligence in failing to prevent an assault or battery, or harmful or offensive conduct.

32. Additionally, and in the alternative, the Complaint seeks punitive and non-compensatory damage, insurance for which is excluded (by express endorsement) under the Policy.

**WHEREFORE**, West Bend Insurance Company respectfully requests that this Court enter judgment in its favor, providing: (1) a Declaration that no coverage is available to Defendant in the Underlying Action under the West Bend Policy; and (2) an award of such costs, fees, and other relief as this Court deems just and proper.

Dated: June 11, 2024  **STEWART SMITH**

By: /s/ *William F. Stewart*
William F. Stewart
KBA # 96937
300 Conshohocken State Rd.
300 Four Falls, Suite 670
West Conshohocken, PA 19428
P: (484) 344-5296
F: (484) 534-9470
*Attorneys for Plaintiff,*
*West Bend Insurance Company*