# Exhibit A

Exhibit A

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION _____
CIVIL ACTION NO. _____

*FILED ELECTRONICALLY*

SHAMIA HUDSON;
DISHANTA MINNIEFIELD;
AND
STARTINA NUTTER                                                                    PLAINTIFFS

V.                              **COMPLAINT**

STANDS, LLC

    Serve:  Justin S. Peterson
             Golden Law Office, PLLC
             771 Corporate Drive, Suite 750
             Lexington, Kentucky 40503

CK TACTICAL SECURITY, INC.

    Serve:  Tom Ramsey
             476 Locust Fork Road
             Stamping Ground, Kentucky 40379

STRUGGLE TEAM, L.L.C.

    Serve:  Michael Coblenz
             4071 Tates Creek Drive
             Suite 304
             Lexington, Kentucky 40517

BRANDON WALKER                                                                     DEFENDANTS

    Serve:  Brandon Walker
             2820 Yellowstone Parkway
             Apartment No. 4
             Lexington, Kentucky 40517

***** ***** *****

Come Plaintiffs, Shamia Hudson, Dishanta Minniefield, and Startina Nutter, by counsel, and for their Complaint against Defendants, Stands, LLC, CK Tactical Security, Inc., Struggle Team L.L.C., and Brandon Walker, state as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Shamia Hudson, is a citizen and resident of the Commonwealth of Kentucky, residing at 740 Whispering Brook Trace, Lexington, Fayette County, Kentucky 40511.

2. Plaintiff, Dishanta Minniefield, is a citizen and resident of the Commonwealth of Kentucky, residing at 1469 Day Lily Drive, Lexington, Fayette County, Kentucky 40511.

3. Plaintiff, Startina Nutter, is a citizen and resident of the Commonwealth of Kentucky, residing at 1317 B Center Parkway, Apt. 21, Lexington, Fayette County, Kentucky 40517.

4. At all times relevant hereto, Defendant, Stands, LLC (hereinafter "Stands"), was a Foreign Limited Liability Company, with its principal office located at 917 Belmere Drive, Lexington, Kentucky 40509, and a registered agent of Justin S. Peterson, Golden Law Office, PLLC, 771 Corporate Drive, Suite 750, Lexington, Kentucky 40503.

5. At all times relevant hereto, Defendant, CK Tactical Security, Inc. (hereinafter "CKTS"), was a Kentucky Corporation, with its principal office located at 476 Locust Fork Road, Stamping Ground, Kentucky 40379, and a registered agent of Tom Ramsey, 476 Locust Fork Road, Stamping Ground, Kentucky 40379.

6. At all times relevant hereto, Defendant, Struggle Team, L.L.C. (hereinafter "Struggle Team"), was a Kentucky Limited Liability Company, with its principal office located at 2820 Yellowstone Parkway, Apartment No. 4, Lexington, Kentucky 40517, and a registered agent of Michael Coblenz, 4071 Tates Creek Center Drive, Suite 304, Lexington, Kentucky 40517.

7. Defendant, Brandon Walker, is a citizen and resident of the Commonwealth of Kentucky, residing at 2820 Yellowstone Parkway, Apartment No. 4, Lexington, Kentucky 40517.

8. At all times relevant hereto, Stands, owned, controlled, maintained, operated, and/or supervised Wild Heath Field, located at 207 Legends Lane, Lexington, Fayette County, Kentucky 40505 (hereinafter "premises").

9. The circumstances giving rise to this Complaint took place in Fayette County, Kentucky.

10. The amount of damages sustained by Plaintiffs is in excess of the minimum jurisdictional limits of the Fayette County Circuit Court.

11. Fayette County Circuit Court has jurisdiction over this matter and venue is appropriate in this County.

## FACTUAL ALLEGATIONS

12. Stands contracted to rent the premises, or a portion of the premises, for an event being held during the evening of August 26, 2022, through the morning of August 27, 2022.

13. CKTS provided security services at the premises during that event.

14. Struggle Team also provided security services at the premises during that event.

15. Brandon Walker was the promoter and organizer of the event being held at the premises.

16. Plaintiffs were each in attendance at that event.

17. Defendants represented and warranted that security would be adequate and/or strictly enforced during the event and at the premises.

18. However, only minimal security was provided and minimal or no searches were performed by Defendants' employees and/or security personnel during the event.

19. Defendants' employees consumed alcohol while working the event.

20. An altercation involving gunfire occurred during the event, in the morning hours of August 27, 2022.

21. Plaintiffs were each shot while inside the premises.

22. Plaintiffs were each exercising ordinary care at all times relevant herein.

23. Defendants and their employees and/or agents had a duty to protect patrons, including Plaintiffs, from reasonably foreseeable risks of danger.

24. Defendants and their employees and/or agents owed a duty to Plaintiffs to exercise reasonable care for their safety.

25. Defendants and their employees and/or agents were responsible for the safety and security of the premises at the time of Plaintiffs' injuries and had a duty to maintain a safe and secure premises.

26. The premises was not maintained and secured in a manner to ensure the safety and security of its patrons, including Plaintiffs.

27. The premises is a dangerous and hazardous area with a high potential for criminal activity.

28. The activities that took place in, the nature of the gathering at, and the patrons at the event, created a dangerous and hazardous condition.

29. Due to the activities and gathering, and patrons at the event, there was a reasonably foreseeable risk of danger.

30. Defendants knew or should have known of the dangerous/hazardous condition, the poor security, minimal safety, and the reasonably foreseeable risk of danger to Plaintiffs.

4

## CLAIMS FOR RELIEF

### COUNT I: Negligence

31. Plaintiffs restate and incorporate by reference the allegations in every paragraph heretofore stated as if fully set out herein.

32. Defendants owed Plaintiffs a duty of care to provide reasonable safety and protection against the wrongful and/or negligent acts of others occurring on or adjacent to the premises.

33. Defendants represented that security would be strictly enforced during the event.

34. Defendants knew, or should have known, that invitees and patrons would likely be subject to assault and/or battery by others.

35. Defendants breached the duty of care owed to Plaintiffs.

36. Defendants failed to provide reasonable protection to Plaintiffs on and adjacent to the premises.

37. The negligence or carelessness of Defendants and/or their agents and/or employees in failing to screen for weapons, consume alcohol during the event, stop and/or prevent the shooting was a substantial factor in causing Plaintiffs' injuries and damages.

38. As a direct and proximate result of the negligence or carelessness of Defendants and/or their agents and/or employees in failing to screen for weapons, consume alcohol during the event, stop and/or prevent the shooting, Plaintiffs are entitled to recover from Defendants all injuries and damages sustained.

### COUNT II: Respondeat Superior

39. Plaintiffs restate and incorporate by reference the allegations in every paragraph hereto stated as if fully set out herein.

40. That on the date and at that place set forth above, Defendants, by and through their employees, agents, and/or representatives acted or failed to act in such a negligent manner so as to cause Plaintiffs to suffer serious bodily injury.

41. That, upon information and belief, on the date and at that place set forth above, Defendants' employees, agents and/or representatives were acting in the course and scope of their employment with Defendants.

42. That the doctrine of *respondeat superior* applies to Defendants for the negligent acts or failure to act of their employees.

### COUNT III: Negligent Hiring, Training and Retention

43. Plaintiffs restate and incorporate by reference the allegations in every paragraph hereto stated as if fully set out herein.

44. Defendants negligently and improperly hired and/or retained unfit employees and/or agents to implement and enforce security screening at the premises.

45. Defendants' improper hiring and/or retention of said employees and/or agents created an unreasonable risk of harm to its patrons, including Plaintiffs.

46. Defendants' negligently and improperly trained or failed to train their employees and/or agents regarding, but not limited to, proper security screening of patrons.

47. Defendants either knew or had reason to know of the risk that the employment of said unfit employees and/or agents created to its patrons, including Plaintiffs.

48. Defendants' negligent hiring, training and/or retention were substantial factors in causing Plaintiffs to suffer injuries and damages.

49. As a direct result of Defendants' negligent hiring, training and/or retention, Plaintiffs are entitled to recover from Defendants all damages sustained.

### COUNT IV: Grossly Negligent/Reckless and/or Intentional Conduct or Omissions in Hiring, Training and Retention

50. Plaintiffs restate and incorporate by reference the allegations in every paragraph hereto stated as if fully set out herein.

51. Defendants acted grossly negligently and/or recklessly and/or intentionally in hiring and/or retaining unfit employees and/or agents to implement and enforce security screening at the premises.

52. Defendants' gross negligence and/or recklessness and/or intent in hiring and/or retaining said employees and/or agents created an unreasonable risk of harm to its patrons, including Plaintiffs.

53. Defendants acted grossly negligently and/or recklessly and/or intentionally in training or failing to train its employees and/or agents regarding, but not limited to, proper security screening of patrons.

54. Defendants' actions of gross negligence and/or recklessness and/or intent in hiring, training and/or retention were substantial factors in causing Plaintiffs to suffer Injuries and Damages.

55. Defendants either knew or had reason to know of the risk that the employment of said unfit employees and/or agents created to its patrons, including Plaintiffs.

56. As a direct result of Defendants' gross negligence and/or recklessness and/or intent in hiring, training and/or retention, Plaintiffs are entitled to recover from Defendants all damages sustained.

### COUNT V: Negligent Infliction of Emotional Distress

57. Plaintiffs restate and incorporate by reference the allegations in every paragraph hereto stated as if fully set out herein.

58. Defendants owed Plaintiffs a duty of care to provide reasonable protection against the wrongful and/or negligent acts of others occurring on or adjacent to the premises.

59. Defendants negligently and/or recklessly and/or intentionally failed to comply with their duty of care.

60. Defendants knew or should have known that their actions and/or inactions created a risk of serious bodily injury or death.

61. Defendants' negligence and/or gross negligence, and/or recklessness, and/or intent was a direct and proximate cause and/or was a substantial factor in causing Plaintiffs to suffer severe and serious emotional injury that a reasonable person would not be expected to endure, brought on by being shot when attending the event at the premises.

## COUNT VI: Punitive Damages

62. Plaintiffs restate and incorporate by reference the allegations in every paragraph hereto stated as if fully set out herein.

63. Defendants' conduct or inaction rises to and was with at least gross negligence and/or recklessness.

64. As a direct result of Defendants' actions and/or inactions constituting gross negligence and/or recklessness, Plaintiffs are entitled to compensatory damages.

65. As a direct result of Defendants' actions and/or inactions constituting at least gross negligence and/or recklessness, Plaintiffs are entitled to punitive damages in an amount sufficient to punish and deter Defendants and others from such conduct or inaction.

66. As a direct result of Defendants' actions and/or inactions constituting at least gross negligence and/or recklessness, Plaintiffs are entitled to recover from Defendants all damages sustained.

**WHEREFORE**, Plaintiffs respectfully pray for relief as follows:

A. Judgment against Defendants for compensatory damages in excess of the minimum dollar amount necessary to establish the jurisdiction of this Court, and for such amounts as a jury may find fair and reasonable as shown by the evidence, for the conscious pain and suffering, loss of enjoyment of life, and hospital and medical expenses sustained by Plaintiffs, as well as the loss of power to labor and earn money;

B. Judgment against Defendants for punitive damages;

C. Plaintiffs' costs, expenses, and attorney's fees to the extent permitted by law;

D. Pre- and post-judgment interest on any amount which Plaintiffs may be awarded;

E. Trial by jury; and,

F. Any and all other relief to which Plaintiffs may be entitled.

## CERTIFICATION

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the Plaintiffs as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiffs as a result of this action.

The parties notified are as follows:

For Plaintiff, Shamia Hudson – Wellcare, PO Box 14602, Lexington, Kentucky 40512.

For Plaintiff, Dishanta Minniefield – 13550 Triton Park Boulevard, Louisville, Kentucky 40223.

For Plaintiff, Startina Nutter – Humana Medicaid, PO Box 14601, Lexington, Kentucky 40512.

**RESPECTFULLY** submitted this 7th day of November, 2022.

/s/ *Tanner H. Shultz*
TANNER H. SHULTZ
Morgan & Morgan, Kentucky PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 219-4529
Facsimile: (859) 367-6146
tshultz@forthepeople.com
COUNSEL FOR PLAINTIFF